UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONNIE L. ABRAM,<br><br>        Plaintiff,<br><br>        v.<br><br>WACHOVIA MORTGAGE/WELLS FARGO BANK FSB, et al.,<br><br>        Defendants. | CASE NO. C12-1679JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

    Before the court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss and/or for Summary Judgment. (Mot. (Dkt. # 17).) In this motion, Wells Fargo asks the court to dismiss Plaintiff Ronnie Abram's Complaint against it, arguing that Mr. Abram fails to state a claim upon which relief can be granted. (*Id.*) Mr. Abram brought this lawsuit against Wells Fargo because Wells Fargo foreclosed on his mortgage. (*See* Compl. (Dkt. # 1-1).) His Complaint alleges various theories for why he should get his home back and why the court should quiet title in the home in his name.

ORDER- 1

(*Id.*) However, none of Mr. Abram's theories or allegations demonstrate that he is entitled to this or any other form of relief. Thus, the court concludes that, as Wells Fargo argues, Mr. Abram fails to state a claim upon which relief can be granted. Accordingly, the court GRANTS Wells Fargo's motion to dismiss and DISMISSES Mr. Abram's Complaint. The court also GRANTS Mr. Abram leave to amend his Complaint within 10 days.

## I. BACKGROUND

In 2007, Mr. Abram took out a $248,000.00 home loan and purchased a home near Renton, Washington. (Dolan Decl. (Dkt. # 19) at 2-3.)[1] He got the loan from a bank called World Savings Bank, F.S.B., which later changed its name to Wachovia Mortgage, F.S.B., which later became a division of Defendant Wells Fargo. (*Id.*) Mr. Abram eventually defaulted on his loan, and in 2012, Wells Fargo began foreclosure proceedings. (*See* Req. for Jud. Not. (Dkt. # 18) Ex. A.)

Wells Fargo successfully foreclosed in July, 2012 (*see id.* Ex. B.), but not before Mr. Abram sent several letters to Wells Fargo that now form the basis of Mr. Abram's Complaint. Mr. Abram described the first of these letters as a "Qualified Written Request" (Dolan Decl. Ex. A), the second as a "Notice of Fault in Dishonor Opportunity to Cure" (*id.* Ex. C), and the third as a "Notice of Default in Dishonor Consent to

---

[1] The court relies on Michael Dolan's declaration for background purposes only, finding it necessary to do so because Mr. Abram's Complaint does not set forth the facts of the case in a satisfactory manner.

ORDER- 2

Judgment" (*id.* Ex. D).[2]  These letters requested documents from Wells Fargo and outlined Mr. Abram's theories for why he believes he is entitled to keep his home.  (*See id.* Exs. A, C, D.)  Wells Fargo describes these letters as containing "nonsense" (Mot. at 8), but nevertheless claims to have responded to them.  (*See id.* Exs. B, D.)

The day before Wells Fargo foreclosed on Mr. Abram's house, Mr. Abram brought this lawsuit in King County Superior Court.  (*See* Compl.)  Wells Fargo removed the case to this court and now moves to dismiss Mr. Abram's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  ANALYSIS

### A.  Standard on a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks

---

[2] The court considers these letters in ruling on this motion even though they are not attached to the Complaint.  In ruling on a Rule 12(b)(6) motion, a court may consider documents that are incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment.  *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed.1999).  Even if a document is not attached to the complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to it or it forms the basis of the plaintiff's claim.  *See Van Buskirk*, 284 F.3d at 980; *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).  Mr. Abram's refers extensively to his letters and those letters form the basis of his Complaint.  (*See generally* Compl.)  Thus, the court is justified in relying on them.  *Van Buskirk*, 284 F.3d at 980.

sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Courts hold pro se litigants to "less stringent standards" than attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although pro se litigants are responsible for following the court's rules, the court construes pleadings liberally in their favor. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). However, the court does not serve as an advocate for pro se litigants and cannot make their case for them if they fail to do so. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Wells Fargo's Motion to Dismiss**

Liberally construed, Mr. Abram's Complaint raises three[3] different theories of recovery against Wells Fargo. At the outset, the court notes that Mr. Abram does not clearly articulate these theories, nor does he plainly allege the facts that would entitle him

---

[3] Mr. Abram also makes a vague request that Wells Fargo "be required to set forth the nature of any claims to the land or premises." (Compl. at 5.) It is not clear to the court under what legal authority Mr. Abram believes Wells Fargo is required to provide this information. Accordingly, the court liberally construes this as a request for relief ancillary to his other causes of action. Because the court dismisses Mr. Abram's other causes of action as explained below, there is no basis for this relief.

ORDER- 4

to relief. (*See* Compl.) Nevertheless, the court makes every effort to discern from the Complaint Mr. Abram's possible claims and avenues of relief.

    1. <u>Quiet Title</u>

First, Mr. Abram asks the court to quiet title to property at issue in his name. (Compl. at 4, 6.) The Complaint does not come close to stating a plausible claim for quiet title. Under Washington law, an action for quiet title may be brought by "any person having a valid subsisting interest in real property, and a right to the possession thereof . . . ." RCW 7.28.010. Mr. Abram alleges no facts suggesting he has a valid subsisting interest in the property. (*See* Compl.) He alleges that he sent several letters to Wells Fargo, that Wells Fargo did not respond, that he asked Wells Fargo to sign a quitclaim deed granting the house to him, and that Wells Fargo has "no legal standing." (*Id.* at 12-18.) None of these allegations begin to suggest Mr. Abram has a valid subsisting interest in property after he defaulted on his loan and Wells Fargo foreclosed on his property by selling it at a non-judicial foreclosure sale. Indeed, even construing Mr. Abram's Complaint liberally and giving him the benefit of all pleaded facts and reasonable inferences drawn therefrom, the court can detect no plausible legal theory that would entitle Mr. Abram to quiet title relief. *See Cebrun v. HSBC Bank USA, N.A.*, No. 10-5742, 2011 WL 321992, at *3 (W.D. Wash. Feb. 2, 2011) (holding that plaintiffs had no action for quiet title after they defaulted on their loan, failed to cure the default, and had their property foreclosed upon as a consequence of default). The court therefore dismisses Mr. Abram's quiet title claim.

2. <u>Declaratory Judgment—"Split the Note" and "Show me the Note" Theories</u>

Second, Mr. Abram asks the court to declare that his home loan is a nullity and that he now owns the house free and clear. (Compl. at 4-5.) His request for declaratory judgment is based on two theories, both of which the court rejects. First is the so-called "split the note" theory (*see* Compl. ¶ 14)—the argument that if ownership of a deed of trust is split from ownership of the underlying promissory note, one or both of those documents becomes unenforceable and no party can foreclose. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044-45 (9th Cir. 2011). The Ninth Circuit has explained that this theory has no sound basis in law or logic and should be rejected. *Id.* In *Cervantes*, the Ninth Circuit explained that splitting a note from a deed of trust is not problematic as long as, at the time of foreclosure, the party attempting to foreclose holds the note or is acting on behalf of the note-holder. *Id.* The "split the note" theory has been rejected not only by the Ninth Circuit, but by the Washington Supreme Court as well. *See Bain v. Metropolitan Mortg. Grp., Inc.*, 285 P.3d 34, 48 (Wash. 2012) ("If, for example, MERS is in fact an agent for the holder of the note, likely no split would have happened."). Mr. Abram alleges no facts suggesting that a "split the note" theory would be actionable here, so the court rejects this theory.

Second is the so-called "show me the note" theory (*see* Resp. (Dkt. # 28) at 4)— the argument that a party must produce an original signed promissory note before it can lawfully foreclose. This theory has been widely rejected by federal courts in this district. *Petree v. Chase Bank*, No. 12-CV-5548-RBL, 2012 WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012) ("Courts of this district routinely reject these claims.") (collecting cases).

Moreover, the issue seems to be conclusively settled by statute in Washington: RCW 61.24.030(7)(a) specifically says that the only proof of beneficial ownership required prior to foreclosure is "[a] declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note." Thus, as courts in this district have universally held, there is no requirement that the foreclosing party show the borrower the original note. *See Petree*, 2012 WL 6061219, at *2. Mr. Abram provides the court with no authority, argument, or evidence that compels straying from this well-trodden path, so the court rejects his "show me the note" theory and concludes that he is not entitled to declaratory relief.

    3. Fraud

Third, Mr. Abram alleges fraud. (Compl. at 4, 6 ("'Silence can only be equated with fraud.'").) He has not adequately pleaded facts to support a fraud claim. Under Washington law, a fraud claim requires proof of nine separate elements: (1) a representation of an existing fact; (2) materiality of this representation; (3) falsity of the representation; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) intent that the representation be acted on; (6) ignorance of its falsity by the person to whom the representation is made; (7) reliance on the truth of the representation; (8) a right to rely on the representation; and (9) consequential damages. *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001). Under Federal Rule of Civil Procedure 9(b),[4] a

---

[4] Rule 9(b) applies to pro se litigants. *Ready v. Nuance Commc'ns, Inc.*, No. 11-CV-05632, 2012 WL 692414, at *3 (N.D. Cal. Mar. 2, 2012) (citing *Kelley v. Rambus, Inc.*, 384 Fed. Appx. 570, 573 (9th Cir. 2010) (unpublished)).

Plaintiff alleging fraud must "state with particularity the circumstances constituting fraud," and the allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Viss v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The plaintiff also must set forth "what is false or misleading about a statement, and why it is false," *id.*, and must state the factual basis for their belief, even with regard to matters within the defendant's knowledge. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Mr. Abram has done none of this. He merely asserts that it was fraudulent for Wells Fargo not to respond to his letters. (Compl. at 3-4.) Even assuming Wells Fargo did not respond to his letters, this allegation is not enough to make out a prima facie claim for fraud. In fact, Mr. Abram does not appear to allege any of the necessary factual predicates for fraud, let alone with any degree of specificity or particularity. (*See id.*) Thus, the court concludes that, to the extent Mr. Abram attempts to state a fraud claim, he fails to do so.

Having rejected all three of Mr. Abram's causes of action, the court GRANTS Wells Fargo's Motion to Dismiss and DISMISSES Mr. Abram's Complaint.

C. **Leave to Amend**

Following dismissal, a pro se litigant ordinarily "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, Mr. Abram's Complaint is not very clear. It states many different theories of recovery and fails to allege facts the court would need to know to determine if Mr. Abram has any claim at all. Accordingly, it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," so the court GRANTS Mr. Abram leave to amend his Complaint within 10 days of the date of this order. *See Noll*, 809 F.2d at 1448. If he does not do so, the court will dismiss this case without prejudice.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Wells Fargo's motion to dismiss (Dkt. # 17), DISMISSES Mr. Abram's Complaint, and GRANTS Mr. Abram leave to amend his Complaint within 10 days of the date of this order. If Mr. Abram does not amend his Complaint within 10 days, the court will dismiss this action in its entirety.

Dated this 30th day of April, 2013.

JAMES L. ROBART  
United States District Judge